IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **STRIKE 3 HOLDINGS, LLC**, <br><br> Plaintiff, <br><br> *v.* <br><br> **JOHN DOE,** *infringer identified as using IP address 71.175.82.235*, <br><br> Defendant. | **CIVIL ACTION** <br><br> **NO. 21-3702-KSM** |

## MEMORANDUM

**Marston, J.**                                                                                     **April 25, 2022**

Plaintiff Strike 3 Holdings, LLC brings copyright infringement claims against Defendant John Doe, infringer identified as using IP address 71.175.82.235.  (*See* Doc. No. 6.)  During early discovery, Strike 3 determined that Defendant is likely the infringer, and it amended its initial complaint to identify him by name and to allege that he illegally downloaded Strike 3's adult films.  (*See generally id.*)  However, Strike 3 redacted Defendant's identifying information from the publicly accessible version of the first amended complaint (*id.*) and with it, sought leave to file an unredacted version under temporary seal and to temporarily maintain a pseudonym identifier in the caption.  (Doc. No. 7.)  The Court granted that motion, but ordered Defendant to file a motion to permanently seal documents and to proceed anonymously within 30 days of appearing in this case.  (Doc. No. 8.)

Consistent with that Order, the parties filed a Consent Motion to Maintain Pseudonym Identifier in Case Caption, Permanently Seal Documents, and Permit/Require the Parties to File Future Documents Identifying Defendant Under Seal (Doc. Nos. 22 (redacted), 24 (unredacted)).  After filing their consent motion, the parties reached an amicable settlement; however, they ask

the Court to rule on the pending motion before closing the case. (Doc. No. 30.) Because this case is settled, the motion is moot to the extent the parties ask to file future documents under seal. The Court addresses the remaining two issues—Defendant's request to proceed pseudonymously and Defendant's request that all identifying information remain under seal—in turn.

### I.  MAINTAINING THE PSEUDONYM

First, Defendant asks to maintain the John Doe pseudonym. "While not expressly permitted under Rule 10(a)[1], in exceptional cases courts have allowed a party to proceed anonymously." *Doe v. Megless*, 654 F.3d 404, 408 (3d Cir. 2011) (citing *C.A.R.S. Protection Plus, Inc.*, 527 F.3d 358, 371 n.2 (3d Cir. 2008)). It is not enough for the moving party to argue that he or she may "suffer embarrassment or economic harm." *Id.* Instead, the party "must show 'both (1) a fear of severe harm, and (2) that the fear of severe harm is reasonable.'" *Id.* (quoting *Doe v. Kamehameha Sch./Bernice Pauahi Bishop Estate*, 596 F.3d 1036, 1043 (9th Cir. 2010)). "When a litigant sufficiently alleges that he or she has a reasonable fear of severe harm from litigating without a pseudonym, courts of appeals are in agreement that district courts should balance a plaintiff's interest and fear against the public's strong interest in an open litigation process." *Id.* In conducting this balancing test, courts have identified six factors that favor anonymity and three factors that disfavor anonymity. *Id.* at 409 (endorsing nine-factor test that district courts "successfully" applied for "the last fifteen years without our guidance"). The six factors favoring anonymity include:

> (1) the extent to which the identity of the litigant has been kept confidential; (2) the bases upon which disclosure is feared or sought to be avoided, and the substantiality of these bases; (3) the magnitude of the public interest in maintaining the confidentiality

---

[1] Federal Rule of Civil Procedure 10(a) requires every complaint to "name all the parties."

>   of the litigant's identity; (4) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigant's identities; (5) the undesirability of an outcome adverse to the pseudonymous party and attributable to his refusal to pursue the case at the price of being publicly identified; and (6) whether the party seeking to sue pseudonymously has illegitimate ulterior motives.

*Id.* (quotation marks omitted).  Here, the first, second, and sixth factors weigh in favor of anonymity.  Defendant's identity has been kept confidential to date, and he has a reasonable fear of disclosure of his identity because the first amended complaint alleges that he illegally downloaded adult films.  These allegations touch on Defendant's sexuality, and as Defendant notes in his affidavit, if they became public knowledge, they could negatively affect his current employment, future employment opportunities, and reputation.  (Doc. No. 24 at 10 ¶¶ 4–5.)  *See Next Phase Distribution, Inc. v. Doe 1-138*, No. 11 Civ. 9706(KBF), 2012 WL 691830, at *2 (S.D. N.Y. Mar. 1, 2012) ("This Court notes the highly sensitive nature and privacy issues that could be involved with being linked to pornography film."); *Digital Sin, Inc. v. Does 1-5698*, No. C 11-04397, 2011 WL 5362068, at *4 (N.D. Cal. Nov. 4, 2011) ("An allegation that an individual illegally downloaded adult entertainment likely goes to maters of a sensitive and highly personal nature.").  In addition, there is no evidence that Defendant has ulterior motives for seeking to pursue this litigation pseudonymously.

As for the third, fourth, and fifth factors, the Court finds them largely inapplicable.  The public has no discernable interest in maintaining Defendant's confidentiality; the case does not present purely legal issues; and Defendant is not pursuing any claims against Strike 3.

Next, we consider the three factors disfavoring anonymity:

>   (1) the universal level of public interest in access to the identities of litigants; (2) whether, because of the subject matter of this litigation, the status of the litigant as a public figure, or otherwise, there is a particularly strong interest in knowing the litigant's identities, beyond the public's interest which is normally obtained; and

>> (3) whether the opposition to pseudonym by counsel, the public, or
>> the press is illegitimately motivated.

*Id.* (quotation marks omitted). Although the first factor weighs against anonymity, neither the second nor the third factor applies. Neither litigant is a public figure, and no one has opposed Defendant's request to proceed by pseudonym. Therefore, the Court finds that although the public has an interest in disclosure, that interest is limited.

* * *

Having considered the nine factors, the Court will allow Defendant to proceed under the John Doe pseudonym. *See Next Phase Distribution, Inc.*, 2012 WL 691830, at * 2 (allowing the defendants to proceed anonymously after highlighting the "minimal public interest (when weighed against defendant's interests) in disclosing defendant's name"); *see also, e.g.*, *Strike 3 Holdings, LLC v. Doe*, No. 21-3562-CFK, Doc. No. 13 (E.D. Pa. Dec. 9, 2021) (maintaining John Doe pseudonym); *Strike 3 Holdings, LLC v. Doe*, No. 21-1373-CMR, Doc. No. 15 (E.D. Pa. Aug. 18, 2021) (same).

## II. PERMANENTLY SEAL DOCUMENTS

Second, Defendant moves to permanently seal portions of five court records containing Defendant's name and other identifying information: Strike 3's First Amended Complaint (Doc. No. 9), the Summons (Doc. No. 10), Strike 3's notice of execution of the Summons (Doc. No. 12), the parties' motion to seal (Doc. No. 24), and Defendant's motion to dismiss (Doc. No. 25).

Once a document is filed with the court, it becomes a "judicial record" and the common law presumption of the right of public access attaches. *See In re Avandia Mktg., Sales Practices & Prods. Liab. Litig.*, 924 F.3d 662, 672 (3d Cir. 2019) ("A 'judicial record' is a document that has been filed with the court or otherwise somehow incorporated or integrated into a district court's adjudicatory proceedings.") (quotation marks omitted); *cf. Leucadia, Inc. v. Applied*

*Extrusion Tech., Inc.*, 998 F.2d 157, 164 (3d Cir. 1993) ("We believe that our earlier decisions and those in other courts lead ineluctably to the conclusion that there is a presumptive right of public access to pretrial motions of a nondiscovery nature, whether preliminary or dispositive, and the material filed in connection therewith."). "This right antedates the Constitution, and promotes public confidence in the judicial system by enhancing testimonial trustworthiness and the quality of justice dispensed by the court." *Wartluft v. Milton Hershey Sch.*, Civil No. 1:16-CV-2145, 2019 WL 5394575, at *4 (M.D. Pa. Oct. 22, 2019) (cleaned up).

However, this right is not absolute and may be rebutted by a showing that an "interest in secrecy outweighs the presumption." *In re Avandia*, 924 F.3d at 672. To meet this burden, the party requesting the sealing order must demonstrate that the "material is the kind of information that courts will protect and that disclosure will work a clearly defined and serious injury to the party seeking closure." *Id.* (quotation marks omitted). The proponent of the sealing order must articulate with specificity the injury that would result if the particular document or parts of it were made public. *Id.* Merely reciting the *Pansy* factors in seeking a sealing order is insufficient.[2] *In re Avandia*, 924 F.3d at 676–77 ("[T]he *Pansy* factors are not a substitute for the common law right of access standard — which begins with the presumption of access.").

---

[2] Under these factors, the Court considers whether:
1. Disclosure of the information will violate any private interests;
2. Disclosure will cause a party embarrassment;
3. The information is being sought for a legitimate purpose or for an improper purpose;
4. The sharing of information among the litigants will promote fairness and efficiency;
5. Confidentiality is being sought over information important to public health and safety;
6. A party benefitting from the order of confidentiality is a public entity or official; and
7. The case involves issues important to the public.

*In re Avandia*, 924 F.3d at 671–72. Although they provide useful guidance when the court balances the public versus private interests under Rule 26(c), the *Pansy* factors "are not sufficiently robust for assessing the public's right to access judicial records." *Id.* at 676–77; *see also In re Application of Storag*

Here, we find that Defendant's identifying information is the "kind of information that courts will protect," *see, e.g.*, *Strike 3 Holdings, LLC v. Doe*, No. 20-6457-RBS, Doc. No. 14 (E.D. Pa. May 10, 2021) (permanently sealing all documents previously filed under temporary seal), *Strike 3 Holdings, LLC v. Doe*, 20-5128-GAM, Doc. No. 13 (E.D. Pa. Mar. 24, 2021), and that its "disclosure will work a clearly defined and serious injury" to Defendant. Disclosure of Defendant's identifying information is likely to violate his privacy interests because this case, which alleges that Defendant unlawfully downloaded Strike 3's adult films, touches directly on Defendant's sexuality. As mentioned above, Defendant reasonably fears more than mere embarrassment—he is concerned that disclosure of his name and other identifying information in connection with these allegations could negatively affect his current employment, future employment opportunities, and reputation. Given these concerns, and the public's limited interest in knowing Defendant's identity, we find that Defendant's interest in maintaining secrecy outweighs the public's interest in disclosure. Finally, we note that redacting Defendant's identifying information, as opposed to sealing the records wholesale, represents the least restrictive means available to protect the privacy interests at stake. *See Del Nero v. NCO Fin. Sys., Inc.*, No. 2:06-CV-04823-JDW, 2021 WL 2375892, at *2 (E.D. Pa. June 10, 2021) ("[W]here possible, parties should propose redactions, rather than placing a whole document under seal.").

For those reasons, the Court finds that Defendant has rebutted the presumption of public access and permanently seals Doc. Nos. 9, 10, 12, 24, and 25.

---

*Etzel GmbH*, Misc. C.A. No. 19-mc-209-CFC, 2020 WL 2949742, at *9 (D. Del. Mar. 25, 2020) ("In both substance and procedure, the burdens that must be overcome to justify the sealing of judicial records under the common law are dramatically less pliant than the factors to be weighed under *Pansy* in deciding whether a protective order is warranted."). And neither the second *Pansy* factor nor the third factor are relevant in deciding whether to enter a sealing order. *In re Avandia*, 924 F.3d at 676.

## III. CONCLUSION

For the reasons discussed above, the motion is granted in part and denied in part. The caption of this case shall continue to identify Defendant by the John Doe pseudonym, and Doc. Nos. 9, 10, 12, 24, and 25 shall remain under seal. The request to file future documents under seal is denied as moot.

An appropriate order follows.